J-S21011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| QUINTEZ TALLEY, | |
| Appellant | No. 28 EDA 2014 |

Appeal from the Judgment of Sentence November 21, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0003711-2009

BEFORE:  BOWES, JENKINS, and PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                        **FILED MAY 07, 2015**

Quintez Talley appeals from the judgment of sentence of three to six years imprisonment that the trial court imposed after a jury convicted Appellant of arson, risking a catastrophe, institutional vandalism, reckless endangerment, and failure to prevent a catastrophe.  Appellant contends that the evidence was insufficient to support his conviction for failure to prevent a catastrophe.  The Commonwealth and this Court agree with that position.  Accordingly, we reverse the conviction for failure to prevent a catastrophe and sentence imposed thereon.  As this decision does not affect the sentence imposed, we do not order a new sentencing proceeding.

The trial court provided a summary of the evidence presented against Appellant:

_____
* Retired Senior Judge assigned to the Superior Court.

Through the testimony of four correctional officers and a fire department captain the Commonwealth established that on October 23, 2008, shortly before 7:00 p.m., while a prisoner in the Philadelphia Detention Center, [Appellant] began yelling and screaming obscenities and threats, apparently in resentment for the fact that a scheduled visit he was supposed to have had been cancelled. He then started flooding his cell block by clogging the toilet in his cell and running the water. When the guards shut off the water from outside the cell he threatened to burn the place down and then set fire to various flammable items in his cell using a light fixture which he apparently had pulled from the wall and broke in order to do so. As a result of the fire and smoke that were emanating from his cell, three other inmates in the cell block began complaining about being affected and had to be evacuated and given medical attention for slight smoke inhalation. When the guards opened the cell the defendant refused orders to cease what he was doing and get down on the floor and was subdued with pepper spray and removed from his cell while some of the guards extinguished the fire. While no one actually saw him set anything on fire, since the cell door was solid as opposed to bars, he was the only one in the cell. The fire department captain who had arrived after the fire was extinguished and conducted an investigation testified that the light fixture was the apparent ignition source.

Trial Court Opinion, 7/2/14, at 2-3. Three inmates were taken to a medical facility to determine if they suffered from smoke inhalation, but they did not require treatment. The fire did not spread beyond Appellant's cell and consisted of a paper fire. There was no structural damage caused to the cell.

After Appellant was convicted of the above-described crimes, the case proceeded to sentencing. On November 21, 2013, Appellant received a sentence of three to six years imprisonment on the arson conviction, and

concurrent sentences on all his remaining crimes. In this ensuing appeal, Appellant raises one issue: "Was the evidence in support of the charge for Failure to Prevent a Catastrophe, 18 Pa.C.S.A. Sec. 3303(2), insufficient to support Defendant's conviction because no catastrophe occurred?" Appellant's brief at 4.

The elements of failure to prevent a catastrophe are set forth in 18 Pa.C.S. § 3303, which provides in relevant part:

> A person who knowingly or recklessly fails to take reasonable measures to prevent or mitigate a catastrophe, when he can do so without substantial risk to himself, commits a misdemeanor of the second degree if:
>
> . . . .
>
> (2) he did or assented to the act causing or threatening the catastrophe.

18 Pa.C.S. § 3303.

As our Supreme Court has observed, the offense of failing to prevent a catastrophe is markedly different from the crime of risking a catastrophe. "[A] person can be guilty of risking a catastrophe even where no catastrophe occurs, while a person can be guilty of failure to prevent a catastrophe only where the catastrophe actually occurs[.]" *Commonwealth v. Karetny*, 880 A.2d 505, 522 (Pa. 2005). Our High Court also noted that the term "'catastrophe' is intended to be synonymous with 'widespread injury or damage.'" *Id*. at 514 (citation omitted).

Herein, the evidence fails to sustain a finding that Appellant actually caused widespread injury or damage when he lit the fire in his cell. His cell was undamaged, and no one was injured. While Appellant undoubtedly risked causing such injury or damage by his actions, the small trash fire was extinguished by the prison guards before any property damage or physical injuries occurred. Hence, we concur, as does the Commonwealth, that, since no catastrophe occurred herein, Appellant's conviction under 18 Pa.C.S. § 3303 is infirm.

Appellant received a two-year probationary term on this crime that was concurrent with the three-to-six year jail term imposed upon the arson offense. Thus, our decision herein has no effect on the sentencing scheme, and we do not need to order a new sentencing proceeding. ***Commonwealth v. Thur***, 906 A.2d 552, 569 (Pa.Super. 2006) (citations omitted) ("If our disposition upsets the overall sentencing scheme of the trial court, we must remand so that the court can restructure its sentence plan. By contrast, if our decision does not alter the overall scheme, there is no need for a remand.").

The conviction for failure to prevent a catastrophe under 18 Pa.C.S. § 3303 is reversed and the judgment of sentence of two year's probation imposed thereon is vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/7/2015